UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| YAZMIN GONZALEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | EP-23-CV-00326-FM |
| § | |
| FIRST UNION LENDING LLC a Florida § | |
| Limited Liability Company § | |
| § | |
| Defendants. § | |

# COMPLAINT

Pro Se Plaintiff Yazmin Gonzalez files this Complaint against Defendant First Union Lending, LLC for violations of the federal Telephone Consumer Protection Act ("TCPA") and its regulations alleging as follows:

## INTRODUCTION

1. Beginning of June 2023, Plaintiff began to receive a barrage of illegal text messages made on behalf of Defendant First Union Lending, LLC.

2. Plaintiff seeks redress under the TCPA, demanding that the calls stop.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Counts I under 28 U.S.C § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.  *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

1

4. This Court has general personal jurisdiction over Defendant because Defendant purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation:

 a) Defendant targets Texas when marketing life insurance and regularly conducts business in this District, including telephone solicitation.

 b) Its telemarketers, called Plaintiff's El Paso-area phone number (with area code 915) to generate leads for Senior Life's services.

 c) These calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES AND OTHER ENTITIES

6. Plaintiff is YAZMIN GONZALEZ ("Gonzalez") a natural person, resident of the Western District of Texas, El Paso, County, and was present in Texas for all calls, in this case in El Paso County, Texas.

7. Defendant FIRST UNION LENDING, LLC ("First Union") is a limited liability company organized and existing under the laws of Florida and can be served via registered agent Youngblut Chad at 4900 Millenia Blvd, Suite F, Orlando, FL 32839.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

12. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

13. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

14. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

15. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter*

of the Joint Petition Filed by Dish Network, LLC, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

19. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

20. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.")

## FACTUAL ALLEGATIONS

21. Plaintiff personally successfully registered her phone number ending in -1859 on the National Do Not Call Registry in March 2022.

22. Defendant routinely violate the TCPA as part of their business model and knowingly and willfully commit TCPA violations.

23. Plaintiff does not have an established business relationship with Defendant and did not give Defendant her prior express consent to text messages. The text messages were not related to an emergency purpose.

24. Defendant First Union is a loan broker and offers merchant cash advances, SBA loans, business line of credit, equipment loans and other business services.

25. From June 15, 2023, to July 17,2023, Plaintiff received a total of 6 text messages to her

personal phone number ending in -1859 from Defendant.

26. Each and every text message was soliciting for business funding and did not identify Defendant.

27. Each and every text message instructed Plaintiff to call phone number 786-358-5605.

28. Plaintiff researched phone number 786-358-5605 and found it is not registered to Defendant.

29. On July 12, 2023, Plaintiff called the number 786-358-5605 displayed in the text messages for the sole purpose of identifying who was behind the unsolicited text messages.

30. Plaintiff was connected to an agent who identified herself as "Sarah," who did not identify the company she was working on behalf of.

31. Sarah asked Plaintiff about her business revenue and other qualifying questions.

32. Sarah informed Plaintiff she was going to receive an email from [sarah.s@firstunionlending.com](mailto:sarah.s@firstunionlending.com).

33. The email Plaintiff received from Sarah identified and confirmed Defendant First Union was the company responsible for the unsolicited text messages.

34. On July 13, 2023, Plaintiff received a follow up call from Sarah with phone number 863-825-5626.

35. Plaintiff informed Sarah she was not interested and to remove her phone number -1859 from the list.

36. Surprisingly Plaintiff received another text message on July 17, 2023, from phone number 833-271-8199.

37. Defendant was sued for TCPA violations in 2018, *Ewing v. Figure Dream Lifestyle, LLC et al,* No. 3:18-cv-01063-AJB-AGS (S.D.CA., May 29, 2018) and yet continue to violate the law

for their financial gain.

38. Table below displays calls made to Plaintiff by Defendants:

39. TABLE A.

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1. | 06/15/2023 | 10:57 am | 833-271-8199 | Soliciting Text |
| 2. | 06/21/2023 | 11:07 am | 833-271-8199 | Soliciting Text |
| 3. | 06/28/2023 | 11:47 am | 833-508-7441 | Soliciting Text |
| 4. | 07/05/2023 | 12:52 pm | 833-508-7441 | Soliciting Text |
| 5. | 07/11/2023 | 12:16 pm | 833-508-7441 | Soliciting Text |
| 6. | 07/17/2023 | 9:24 am | 833-271-8199 | Soliciting Text. |

40. The agent Plaintiff spoke with failed to properly identify the parties they were calling on behalf of.

41. Defendant initiated numerous unsolicited text messages despite Plaintiff repeatedly telling the Defendants she was not interested in their services and to not call her.

42. Each and every text failed to identify the Defendant and parties they were calling on behalf of.

43. No emergency necessitated none of the alleged text messages.

44. On information and belief, Defendant did not have a written do-not-call policy while it was sending Plaintiff the unsolicited text messages.

45. On information and belief, Defendant did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list

**INJURY, HARM, DAMAGES, and ACTUAL DAMAGES**

**AS A RESULT OF THE CALLS**

46. Defendant's text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

47. Defendant's text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

48. Defendant's text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

49. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL PHONE

50. The text messages were to Plaintiff's cellular phone -1859 which is Plaintiff's personal cell phone. Plaintiff maintains no landlines and uses the phone solely for personal, family, and household use. Plaintiff does not use her cell phone for any business purposes. Plaintiff's phone is registered in her name and she pays the bill from her personal accounts.

## FIRST CLAIM FOR RELIEF:
## COUNT ONE:
## (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

51. Plaintiff incorporates the foregoing allegations as if fully set forth herein

52. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

53. Defendants made repeated calls Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days

prior to the automated text messages, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

54.     Plaintiff was statutorily damaged at least six (6) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the phone text messages described above, in the amount of $500 per phone text message.

55.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

56.     Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## PRAYER FOR RELIEF

WHEREFORE, Yazmin Gonzalez prays for judgment against the defendants jointly and severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.      An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $1500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the Defendants for six text messages.

E.      An award to Ms. Gonzalez of damages, as allowed by law under the TCPA;

F.      An award to Ms. Gonzalez of interest, costs and attorneys' fees, as allowed by law and equity

      G.      Such further relief as the Court deems necessary, just, and proper.

August 28, 2023,                                    Respectfully submitted,

*[signature]*

Yazmin Gonzalez
Plaintiff, Pro Se
14205 Charles Pollock
El Paso, TX 79938
915-820-1859